FILED
2019 Oct-09 PM 12:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA H. CHRISTIAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No.: 2:18-cv-01076-SGC |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION[1]

The plaintiff, Angela H. Christian, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Christian timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be reversed and remanded.

## I. Procedural History

Christian has a high school education and has previously been employed as a certified nursing assistant, home health aide, and teacher aide. (Tr. at 122, 419-25).

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 20).

1

In her applications for DIB and SSI, Christian alleged she became disabled on August 22, 2014, due to a variety of impairments. (*Id.* at 117). After her claims were denied initially and on reconsideration, Christian requested a hearing before an administrative law judge ("ALJ"). (*Id.*). Following a hearing, the ALJ denied Christian's claims. (*Id.* at 117-24). Christian was forty-seven years old when the ALJ issued the decision. *(Id.* at 122, 124). After the Appeals Council denied review of the ALJ's decision (*id.* at 1-4), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Christian commenced this action. (Doc. 1).

## II. **Statutory and Regulatory Framework**

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a claimant must show she was disabled between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d

2

1088, 1090 (5th Cir. 1979)). The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Christian would meet the SSA's insured status requirements through June 30, 2017, and had not engaged in substantial gainful activity since August 22, 2014. (Tr. at 119).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Christian has the following severe impairments: diabetes with peripheral neuropathy, degenerative joint disease, chronic obstructive pulmonary disease, seizure disorder, and bladder dysfunction. (Tr. at 119). The ALJ

3

determined Christian's diagnoses of depression and human immunodeficiency virus infection ("HIV") constitute non-severe impairments. (*Id.* at 120).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Christian does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 120).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e). If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined Christian has the RFC to perform a limited range of sedentary work. (Tr. at 120-21). At the fourth step, the ALJ determined Christian is not able to perform her past relevant work. (*Id.* at 122).

If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).

At the fifth step, considering Christian's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy that Christian could perform through her date last insured, such as those of ticket counter, order clerk, and information clerk. (Tr. at 123). Therefore, the ALJ concluded Christian is not disabled. (*Id.* at 124).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination of

5

whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."

*Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**IV. Discussion**

On appeal, Christian argues the ALJ erred by (1) determining her HIV is not a severe impairment and (2) failing to determine whether her headaches constitute a severe impairment. (Doc. 12). Additionally, Christian argues the Appeals Council erred in refusing to consider new evidence she submitted to the Appeals Council after the ALJ issued his decision. (*Id.*).

**A. Determination HIV is Non-Severe Impairment**

Step two of the sequential evaluation undertaken by an ALJ serves as a "filter" or "screen" to weed out claims involving *no* severe impairment or combination of impairments. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *Stratton v. Bowen*, 827 F.2d 1447, 1452, 1452 n.9 (11th Cir. 1987). "[T]he finding of *any* severe impairment . . . is enough to satisfy the requirement of step two." *Jamison*, 814 F.2d at 588 (emphasis added); *see also Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Based on our precedent and the regulations . . . it is apparent that there is no need for an ALJ to identify every severe impairment at step two."). Thus, an error committed at step two of the sequential evaluation may be harmless. *See, e.g., Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853-54 (11th Cir. 2013) (holding any error in determining at step two that claimant's cervical spine impairment was not severe was harmless because

elsewhere in sequential evaluation ALJ specifically considered and discussed symptoms claimant allegedly experienced because of that impairment); *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011) (holding that while ALJ erred in determining claimant's mental impairments were not severe, error was harmless because ALJ considered claimant's mental impairments at steps three, four, and five); *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (holding any error in failing to indicate severity of claimant's chronic back pain at step two was harmless because at step three ALJ discussed in detail claimant's testimony and medical history, which included pain complaints).

However, if a case advances beyond step two, an ALJ must consider all impairments, severe or not, at later steps in the sequential evaluation. *Tuggerson-Brown*, 572 F. App'x at 951; *Gray*, 550 F. App'x at 853 (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)). Where an ALJ fails to do so, he or she commits reversible error. *See, e.g., Ashford v. Barnhart*, 347 F. Supp. 2d 1189, 1193-94 (M.D. Ala. 2004) (holding ALJ erred by failing to address claimant's diagnosed bipolar disorder); *Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1197-98 (M.D. Ala. 2002) (holding ALJ erred by failing to address a number of claimant's impairments, including one not specifically listed by claimant, which were grounded in medical evidence); *Wuerth v. Astrue*, 2008 WL 680211, at *5 (M.D. Fla. Mar. 7, 2008) (holding ALJ erred by failing to discuss a number of claimant's impairments

in any meaningful manner).

More specifically, when assessing a claimant's RFC, an ALJ must consider all severe and non-severe impairments and any related symptoms that may cause physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). To the extent a claimant offers testimony of disabling pain or other subjective symptoms, an ALJ must articulate explicit and adequate reasons for discrediting the testimony. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Christian was diagnosed with HIV in January 2015. (Tr. at 1086, 1089).[2] During the hearing before the ALJ, Christian testified as follows: after her HIV diagnosis, her "whole body just went down completely." (*Id.* at 157). She always feels sick. (*Id.* at 147). After she takes approximately fifteen pills each morning, which make her nauseated, she requires between an hour and an hour-and-a-half to get herself together. (*Id.*). She will cough "[e]very day, all day" for two or three months at a time. (*Id.* at 147, 150-51). She "constantly go[es] to the bathroom all the time." (*Id.* at 157). More specifically, she may have to urinate three times within one hour. (*Id.*).

The ALJ determined Christian's HIV constitutes a non-severe impairment because treatment records show that with antiretroviral therapy Christian's viral load

---

[2] Christian raises the possibility she may have been diagnosed with HIV in March 2013. (Doc. 12 at 10). It is not necessary to determine this factual issue because it makes no difference to the disposition of her appeal from the Commissioner's decision.

9

has been below the level of detectability, her CD4 count has been within the normal range, and her medical providers have consistently described her HIV as well-controlled. (*Id.* at 458, 1261, 1325, 1375, 1411, 1440).[3] Assuming this determination was not in error, the ALJ nonetheless erred at later steps in the sequential evaluation by failing to articulate any reason for apparently discrediting Christian's testimony regarding subjective symptoms she experiences, whether those symptoms are related to her HIV or one of her other medically determinable impairments. *See Foote*, 67 F.3d at 1561-62. This credibility determination is critical because it is not clear whether Christian would be able to perform any of the jobs identified by the ALJ at step five if, for example, she had an unrelenting cough and needed to use the restroom three times every hour. *Id.* at 1562 ("A lack of explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.").

**B. Failure to Determine Severity of Headaches**

Although Christian's applications do not identify headaches as a basis for her alleged disability, Christian testified during the hearing before the ALJ that she

---

[3] The amount of HIV in a person's blood is referred to as the "viral load." A person's CD4 count helps determine how well his or her immune system works and how much damage HIV has done. A healthy person typically has a CD4 count of 500 to 1,000 cells per microliter of blood. *See* https://www.merckmanuals.com/home/infections/human-immunodeficiency-virus-hiv-infection/human-immunodeficiency-virus-hiv-infection (last visited October 9, 2019). Christian's CD4 count was 1,454 in January 2016 and 1,874 in February 2017. (Tr. at 1261, 1440).

suffers from headaches. (Tr. at 147-50). More specifically, she testified she experiences approximately one migraine per week and that even with her current course of clinical treatment it takes her two or three days to recover. (*Id.* at 149-50). Additionally, Christian's headaches are well-documented in the medical evidence of record. (*See, e.g., id.* at 520, 721, 1020, 1240, 1264, 1385, 1388, 1395).

However, the ALJ neither addressed the severity of Christian's headaches at step two, nor considered the impairment at later steps in the sequential evaluation, including by failing to articulate explicit and adequate reasons for discrediting Christian's testimony regarding her headache symptoms. *See Ashford*, 347 F. Supp. 2d at 1193-94*; Williams*, 186 F. Supp. 2d at 1197-98; *Wuerth v. Astrue*, 2008 WL 680211, at *5; *Foote*, 67 F.3d at 1561-62.[4]

## V. Conclusion

Having reviewed the administrative record and considered all the arguments presented by the parties, the undersigned find the Commissioner's decision is not in accordance with applicable law or supported by substantial evidence. Therefore, the Commissioner's decision is due to be reversed and remanded for further

---

[4] Because the foregoing errors warrant reversal and remand of this case to the Commissioner for further consideration, it is not necessary to address Christian's argument the Appeals Council erred by refusing to consider new evidence she submitted to the Appeals Council after the ALJ issued his decision. Presumably, counsel for Christian will present this evidence on remand. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (noting it was not necessary to address claimant's argument ALJ failed to develop a full medical record because it was clear claimant's counsel would present additional medical evidence on remand for other reasons).

consideration.  A separate order will be entered.

**DONE** this 9th day of October, 2019.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE